# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISABEL TUBACH,<br><br>    Plaintiff,<br><br>v.<br><br>P. JOHNSON, et al.,<br><br>    Defendants.<br>_____ / | CASE NO. 1:12-cv-00451-LJO-GBC (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING TO DISMISS ACTION AS DUPLICATIVE AND FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES<br><br>Doc. 1<br><br>OBJECTIONS DUE WITHIN 14 DAYS |

## I. Procedural History

On March 22, 2012, Plaintiff Isabel Tubach ("Plaintiff"), a state prisoner proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983 in conjunction with a motion to proceed in forma pauperis. Docs. 1, 2. A review of the record of actions filed by Plaintiff in the United States District Court reveals that Plaintiff has filed over 150 actions, with the same defendants and related allegations of sexual misconduct in prison.[1]

## II. Duplicative Claims

Duplicative lawsuits filed by a plaintiff proceeding in forma pauperis are subject to dismissal as either frivolous or malicious under 28 U.S.C. § 1915(e). *See, e.g.*, *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995); *McWilliams v. State of Colo.*, 121 F.3d 573, 574 (10th Cir. 1997);

---

[1] On the same date as Plaintiff filed this civil action March 22, 2012, Plaintiff filed *Tubach v. Johnson*, No. 1:12-cv-00452-LJO-BAM, making the exact same allegations as in this complaint. On April 27, 2012, the Court dismissed the case for failure to exhaust administrative remedies. Doc. 10.

*Pittman v. Moore*, 980 F.2d 994, 994-95 (5th Cir. 1993); *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988). An in forma pauperis complaint that merely repeats pending or previously litigated claims may be considered abusive and dismissed under § 1915. *Cato*, 70 F.3d at 1105 n.2; *Bailey*, 846 F.2d at 1021. Repeating the same factual allegations asserted in an earlier case, even if now filed against new defendants, is subject to dismissal as duplicative. *See, e.g.*, *Bailey*, 846 F.2d at 1021; *Van Meter v. Morgan*, 518 F.2d 366, 368 (8th Cir. 1975). "Dismissal of the duplicative lawsuit, more so than the issuance of a stay or the enjoinment of proceedings, promotes judicial economy and the comprehensive disposition of litigation." *Adams v. California*, 487 F.3d 684, 688, 692-94 (9th Cir. 2007).

*See Tubach v. Brown*, No. 1:11-cv-01476-LJO-MJS (E.D. Cal. Nov. 21, 2011) (dismissing Plaintiff's complaint alleging Jerry Brown and M. Guzman were involved in an alleged conspiracy with sex orgies to murder Plaintiff); *Tubach v. Hense*, No. 1:12-cv-00021-LJO-MJS (E.D. Cal. May 11, 2012) (dismissing Plaintiff's complaint alleging that Guzman is involved in an alleged conspiracy to have sex orgies and to torture and murder Plaintiff); *Tubach v. Brown*, No. 1:11-cv-02028-AWI-GBC (E.D. Cal. Feb. 6, 2012) (dismissing Plaintiff's complaint alleging Guzman's conspiracy to murder by poison in her nose; a denial of ice chips to alleviate the pain from the cancer in her tongue; and orgies); *Tubach v. Guzman*, No. 1:10-cv-00913-AWI-SKO (case pending for allegations that Defendant Guzman incites her cell-mates to poison Plaintiff and to provoke her to have a heart attack; stops Defendant Dr. Ezenwngo from treating her oral cancer; stops and denies her an "ice-chrono" which he is aware is the only relief for the burning caused by Plaintiff's oral cancer; and has sex orgies.) Therefore, this action should be dismissed as duplicative.

### III. Failure to Exhaust Administrative Remedies

### A. Legal Standard

Pursuant to the Prison Litigation Reform Act of 1995 ("PLRA"), "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The PLRA's exhaustion requirement is therefore mandatory, and no longer left to the discretion of the district court. *Woodford v. Ngo*, 548

U.S. 81, 85 (2006) (citing *Booth v. Churner*, 532 U.S. 731, 739 (2001)). The PLRA's exhaustion requirement requires "proper exhaustion" of administrative remedies. *Ngo*, 548 U.S. at 93. This means "[p]risoners must now exhaust all 'available' remedies," *id.* at 85, in "compliance with an agency's deadlines and other critical procedural rules." *Id.* at 90–91. The requirement cannot be satisfied "by filing an untimely or otherwise procedurally defective administrative grievance or appeal." *Id.* Further, the remedies "available" need not meet federal standards, nor need they be "plain, speedy and effective." *Porter v. Nussle*, 534 U.S. 516, 524 (2002); *Booth*, 532 U.S. at 739-40 & n.5.

It is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion. *Jones v. Bock*, 549 U.S. 199, 218 (2007). The California Department of Corrections and Rehabilitation ("CDCR") provides inmates the right to file administrative appeals alleging misconduct by correctional officers or "any departmental decision, action, condition, or policy which they can demonstrate as having an adverse effect upon their welfare." *See* Cal. Code Regs. tit. 15, §§ 3084.1(a) & (e). In order to exhaust all available administrative remedies within this system, a prisoner must submit his complaint as an inmate appeal on a 602 form, within thirty days from the date the administrative decision or action being complained of, and proceed through several levels of appeal: (1) informal level grievance filed directly with any correctional staff member; (2) first formal level appeal filed with one of the institution's appeal coordinators; (3) second formal level appeal filed with the institution head or designee; and (4) third formal level appeal filed with the CDCR director or designee. *Id.* at §§ 3084.5, 3084.6(c), 3084.8(b); *Brodheim v. Cry*, 584 F.3d 1262, 1264–65 (9th Cir. 2009); *Barry v. Ratelle*, 985 F. Supp. 1235, 1237 (S.D. Cal. 1997). *See Ngo v. Woodford*, 539 F.3d 1108, 1110 (9th Cir. 2008) (*Ngo II*) (finding claims unexhausted where filed 602 inmate appeal filed after deadline).

A prisoner's concession to non-exhaustion is valid grounds for dismissal so long as no exception to exhaustion applies. 42 U.S.C. § 1997e(a); *Wyatt v. Terhune*, 315 F.3d 1108, 1120 (9th Cir. 2003). The Court may review exhibits attached to the complaint that may contradict Plaintiff's assertions in the complaint. *Tyler v. Cuomo*, 236 F.3d 1124, 1131 (9th Cir. 2000); *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987). In deciding . . . failure to exhaust administrative

remedies, the Court may look beyond the pleadings and decide disputed issues of fact. *Wyatt*, 315 F.3d at 1119-20. If the Court concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice. *Id*.

### B. Analysis

As the Court found in the identical case filed on the same date, it is apparent on the face of Plaintiff's complaint that she did not exhaust her administrative remedies prior to bringing this lawsuit.[2] Plaintiff states "the appeals coordinator does not process her grievances." *See* Compl. at 2, Doc. 1. However, he remedies "available" need not meet federal standards, nor need they be "plain, speedy and effective." *Porter*, 435 U.S. at 524; *Booth*, 532 U.S. at 739-40 & n.5.

> In *McCray v. Williams*, 357 F. Supp.2d 774, 779 & n.1 (D. Del. 2005), an inmate plaintiff alleged a medical emergency in a § 1983 action and sought relief from the requirement of exhausting administrative remedies prior to bringing his federal court action, and the court noted that it could find "no caselaw supporting the proposition that exceptions should be made based upon the nature of the complaint." Neither can this court uncover an emergency exception for safety reasons, even assuming such an exigency existed, for plaintiff's having filed this action prematurely with respect to certain of his claims.

*Jones v. Sandy*, 2006 WL 355136 (E.D. Cal. Feb. 14, 2006). ("[W]e stress the point . . . that we will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise.") *See Booth*, 532 U.S. at 741 n.6. *See also Douglas v. Johns*, 2011 WL 2173627, at *2 (E.D. N.C. June 2, 2011) (Regional Director's failure to respond to grievance did not excuse exhaustion; under section 542.18 "plaintiff should have treated the lack of response as a denial of his request, and was obligated to appeal that denial to the next level of the administrative process in order to properly exhaust his remedies"); *Buckley v. Pearsons*, 2011 WL 3022539, at *2 (S.D. Miss. May 25, 2011), adopted, 2011 WL 3022531 (S.D. Miss. July 22, 2011) (federal inmate who did not receive response to informal resolution request, but who did not appeal to next level of review, did not exhaust); *Crum v. Attorney General*, 2007 WL 781935, at *6 (S.D. W. Va. Mar.13, 2007), aff'd, 282 Fed. App'x 223 (4th Cir. 2008) ("The Regional Office's failure to provide a response to his administrative remedy appeal does not excuse an inmate from proceeding to the next step of the

---

[2] *Tubach v. Johnson*, No. 1:12-cv-00452-LJO-BAM (E.D. Apr. 27, 2012) (dismissed for failure to exhaust administrative remedies).

administrative remedy process . . ."); *see also Jernigan v. Stuchell*, 304 F.3d 1030, 1032-33 (10th Cir. 2002), *cert. denied*, 538 U.S. 947 (2003) (exhaustion not excused where director of corrections informed prisoner how to proceed when prisoner did not receive response from warden, but prisoner did not follow that procedure). A plaintiff must file a new administrative challenge to an allegedly improper screen-out of his appeal. *See* Cal. Code Regs. tit. 15, § 3084.1. *See White v. McGinnis*, 131 F.3d 593, 595 (6th Cir. 1997) (if prisoner does not receive timely response to grievance, and higher-stage appeal is available, then prisoner must file an appeal in order to exhaust claim). Plaintiff is not permitted to determine exhaustion futile, but is obligated to treat a grievance as denied and file an appeal, in accordance with *Booth*, 532 U.S. at 741 n.6.

In *Ngo*, the Supreme Court held that full and "proper exhaustion of administrative remedies is necessary." *Ngo*, 548 U.S. at 84. While the Supreme Court recognized that this may be harsh, it noted that pro se prisoners who litigate in federal court will likewise be "forced to comply with numerous unforgiving deadlines and other procedural requirements." *Id.* at 103. The Supreme Court recognized that this will prevent certain prisoner cases from proceeding, but notes that a "centerpiece of the PLRA's effort to reduce the quantity . . . of prisoner suits is an 'invigorated' exhaustion provision, § 1997e(a)." *Id.* at 84 & 103. "Exhaustion is no longer left to the discretion of the district court, but is mandatory." *Id.* at 85.

It is apparent on the face of Plaintiff's complaint that she did not exhaust her administrative remedies prior to bringing this lawsuit. *See* Compl. at 2, Doc. 1. Thus, Plaintiff failed to exhaust all her mandatory administrative remedies against Defendants prior to initiating this action, which requires mandatory dismissal, in accordance with § 1997e(a) and *Ngo*.

**IV. Conclusion and Recommendation**

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. This action is DISMISSED, as duplicative;
2. This action is DISMISSED, for Plaintiff's failure to exhaust administrative remedies, pursuant to 42 U.S.C. § 1997e(a);
3. All pending motions are MOOT for review; and
4. The Clerk of the Court is directed to close the case.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   May 18, 2012

UNITED STATES MAGISTRATE JUDGE